OPINION
Defendant Gary L. Lees appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, which entered a civil protection order for five years on behalf of plaintiff Melissa Walker, and required that appellant's visitation with the parties' son be supervised. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR ONE
 THE TRIAL COURT ABUSED IT DISCRETION BY ISSUING A CIVIL PROTECTION ORDER WHEN THERE WAS LACKING COMPETENT CREDIBLE EVIDENCE AND OR SUFFICIENT EVIDENCE TO ISSUE THAT ORDER.
ASSIGNMENT OF ERROR TWO
 THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING THAT THE APPELLANT SUSTAIN SUPERVISED VISITATION WITH THE MINOR CHILD OF THE PARTIES WHEN THERE LACKED ANY EVIDENCE THAT THE MINOR CHILD WAS AN ALLEGED VICTIM OF DOMESTIC VIOLENCE.
In the magistrate's decision of April 20, 2000, the magistrate made several determinations in support of a civil protection order. The magistrate found appellee's testimony appellant struck her in September of 1999, and sometime during the fall of 1995 to be credible. The magistrate also found appellee's testimony that appellant had made verbal threats against her and her gentleman friend to be credible. The magistrate found appellant had telephoned appellee's place of employment frequently, and sent her letters. The magistrate found appellant is obsessed with appellee and resents her involvement with another man. The magistrate concluded all the evidence taken together established appellee had a good-faith reason to be worried about her personal safety, and that there was good cause for issuing a civil protection order. The court also ordered appellant to undergo a psychological evaluation, and to have only supervised visitation with the parties' who at the time of hearing was approximately five years old.
 I
Appellant concedes a person seeking a civil protection order must prove domestic violence or threat of domestic violence by a preponderance of the evidence, Felton v. Felton (1997), 79 Ohio St.3d 34. Domestic violence is defined by R.C. 3113.31 as attempting to cause or recklessly causing a family or household member bodily injury, or placing that person by threat of force in fear of imminent serious physical harm.
Appellant concedes the credibility of the parties was at issue.
In State v. Awan (1986), 22 Ohio St.3d 120, the Ohio Supreme Court noted the choice between credible witnesses and their conflicting testimony rests solely with the finder of fact, and an appellate court may not substitute its judgment for that of the fact finder, Awan at 123. The fact finder is free to believe all, part, or some of the testimony of each witness, see State v. Caldwell (1992),79 Ohio App.3d 667 at 679. The trial court is in a much better position than an appellate court to weigh the evidence, because it views the witnesses, observes their demeanor, gestures, and inflections, seeSeasons Coal Company v. Cleveland (1984), 10 Ohio St.3d 77. For this reason, a judgment supported by competent and credible evidence going to all the elements of the case must not be reversed, by a reviewing court as being against the manifest weight of the evidence, Masito v. Masito
(1986), 22 Ohio St.3d 63.
We have reviewed the record, and we find there was sufficient competent and credible evidence for the trial court to conclude appellee had proven by the preponderance of the evidence she was entitled to a civil protection order. Accordingly, the first assignment of error is overruled.
 II
In his second assignment of error, appellant argues there was insufficient evidence presented for the court to order supervised visitation pending his psychological evaluation. Again, our standard of review is as stated in I, supra. Our review of the transcript leads us to conclude the manifest weight of the evidence supports the trial court's determination.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed.
Gwin, J., Edwards, P.J., Farmer, J., concur.
 JUDGMENT ENTRY
CASE NO. 00-CA-72.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed. Costs to appellant.